IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUPREE WILLIAMS,** : | CIVIL ACTION NO. 1:24-CV-750 |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **GREGORY BRIGGZ,** *et al.*, : | |
| : | |
| Defendants : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Dupree Williams, alleges civil rights violations arising from an incident in which he was purportedly assaulted by another inmate. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it for failure to state a claim upon which relief may be granted.

**I.     Factual Background & Procedural History**

Williams has been incarcerated in Dauphin County Prison at all relevant times. He filed his complaint on April 29, 2024. (Doc. 1). According to the complaint, another inmate "physically assaulted" Williams while he was walking to his cell on April 25, 2023. (Id. at 5). The complaint alleges that unnamed "officers" witnessed the assault and did not intervene. (Id.) Unnamed staff members then purportedly "dragged" Williams to the prison's medical department where he was examined before being sent for further care at an outside hospital. (Id.) Williams allegedly suffered a "laceration between [his] forehead and eye" that required "numerous stitches," a fractured skull, and a broken sinus bone from the assault.

(Id.)  The complaint avers that surgery was performed to insert a "titanium plate and screws" where Williams suffered broken bones.  (Id.)

The complaint names as defendants Gregory Briggs, Dauphin County Prison's warden; Robinson, a correctional officer in the prison; Savasia Caraballo, a former correctional officer in the prison; and other "unknown prison guards."  (Id. at 2-3).  Williams seeks injunctive relief and damages.  (Id. at 5).

## II.   Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

Williams brings his federal constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To state a civil rights claim upon which relief may be granted, a plaintiff must allege the defendant's personal involvement.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate,

---

      **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
      **(2)** seeks monetary relief from a defendant who is immune from such relief.

there must be allegations of personal direction or actual knowledge and acquiescence. Id.

The court will dismiss the claims against named defendants Briggs, Robinson, and Caraballo because Williams fails to allege how they were personally involved in the alleged civil rights violations. The complaint alleges that unnamed correctional officers witnessed the assault by the other inmate and failed to intervene. It is not clear from the complaint that any of the named defendants were among the correctional officers who purportedly witnessed the assault.

Absent any allegations of personal involvement by the named defendants, dismissal of the claims against the "unknown prison guards" is also warranted. A case "cannot be maintained solely against Doe defendants." Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998). Hence, when the claims against all named defendants have been dismissed, dismissal of claims against unnamed defendants is appropriate. Breslin v. City & County of Philadelphia, 92 F.R.D. 764, 765 (E.D. Pa. 1981), *cited with approval in* Hindes, 137 F.3d at 155.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will grant Williams leave to amend his complaint to allege additional facts as to how the named defendants were personally involved in the alleged civil rights violations and/or to identify the "unknown prison guards" named as defendants in the complaint.

**IV.     Conclusion**

We will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  Williams will be granted leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 19, 2024